Jeffrey L. O'Hara (JO6862)
Bryan P. Couch (BC7065)
Connell Foley LLP
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500
Attorneys For Plaintiff
Wingate Inns International, Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WINGATE INNS INTERNATIONAL, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> COMMACK HOSPITALITY, LLC, a Virginia Corporation, NILESH PATEL, an individual, SUDHA PATEL, an individual, MEENAKSHI BHARGAVA, an individual, MADAN BHANDARI, an individual, LOVE KUMAR, an individual, AMIT PATEL, an individual, VARSHA DESAI, an individual, CHANDRA KHURANA, an individual, NEENA SHAH, an individual, SUNITA SHAH, an individual, BIPAN CHODAY, an individual, PARAMJIT SINGH, an individual, NIKUR AMIN, an individual, VIRAL PATEL, an individual, PATEL LIVING TRUST, a Virginia Trust, and ADA HOLDING CORP., a Virginia corporation, <br><br> Defendants. | Civil Action No. 05- 1384 (JAP) <br><br> **COMPLAINT** |

Plaintiff Wingate Inns International, Inc., by its attorneys, Connell Foley LLP, complaining of defendants Commack Hospitality, LLC, Nilesh Patel, Sudha Patel, Meenakshi Bhargava, Madan Bhandari, Love Kumar, Amit Patel, Varsha Desai, Chandra Khurana, Neena

1574719-01

Shah, Sunita Shah, Bipan Choday, Paramjit Singh, Nikur Amin, Viral Patel, Patel Living Trust, and ADA Holding Corp., says:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Wingate Inns International, Inc. ("WII") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Parsippany, New Jersey.

2. Defendant Commack Hospitality, LLC ("Commack"), on information and belief, is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 265 Brookville Rd., Brookville, NY 11545.

3. Defendants Nilesh Patel, Sudha Patel, Meenakshi Bhargava, Madan Bhandari, Love Kumar, Amit Patel, Varsha Desai, Chandra Khurana, Neena Shah, Sunita Shah, Bipan Choday, Paramjit Singh, Nikur Amin, and Viral Patel, on information and belief, are principals of Commack and citizens of the State of New York.

4. Patel Living Trust, on information and belief, is a trust organized and existing under the laws of the State of New York.

5. ADA Holding Corp., on information and belief, is a corporation organized and existing under the laws of the state of New York, with a principal place of business at 35 Adams Court, Plainview, New York 11803.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 inasmuch as the plaintiff and all the defendants are citizens of different states and the amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of $75,000.

7. This Court has personal jurisdiction over Commack by virtue of, among other things, section 17.6.3 of the November 12, 2001 License Agreement by and between Commack and WII (the "License Agreement"), described in more detail below, pursuant to which Commack has

1574719-01

consented "to the non-exclusive personal jurisdiction of and venue in the New Jersey state courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey...."

8. This Court has personal jurisdiction over Nilesh Patel, Sudha Patel, Meenakshi Bhargava, Madan Bhandari, Love Kumar, Amit Patel, Varsha Desai, Chandra Khurana, Neena Shah, Sunita Shah, Bipan Choday, Paramjit Singh, Nikur Amin, Viral Patel, Patel Living Trust, and ADA Holding Corp. (collectively the "Guarantors") by virtue of, among other things, the terms of a Guaranty (the "Guaranty"), described in more detail below, pursuant to which the Guarantors acknowledged that they were personally bound by section 17 of the License Agreement.

9. Venue is proper in this District pursuant to section 17.6.3 of the License Agreement, inasmuch as that provision contains an express waiver by Commack of any objection to venue in this District.

## ALLEGATIONS COMMON TO ALL COUNTS

10. On or about November 12, 2001, WII entered into a license agreement with Commack for the operation of a 109 room guest lodging facility located at 801 Crooked Hill Rd., Brentwood, New York 11717, Site No. 30191 (the "Facility"). A true copy of the License Agreement is attached hereto as Exhibit A.

11. Pursuant to section 5 of the License Agreement, Commack was obligated to operate a Wingate guest lodging facility for a 20-year term.

12. Pursuant to section 7 and Schedule C of the License Agreement, Commack is required to make certain periodic payments to WII for royalties, service assessments, taxes, interest, reservation system user fees, annual conference fees, and other fees (collectively, "Recurring Fees").

13. Pursuant to section 17.4 of the License Agreement, Commack agreed that the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this Agreement or collect amounts owed under this Agreement."

14. Effective as of the date of the License Agreement, the Guarantors provided WII with a Guaranty of Commack's obligations under the License Agreement ("Guaranty"). A true copy of the Guaranty is attached hereto as Exhibit B.

15. Pursuant to the terms of the Guaranty, the Guarantors agreed, among other things, that upon a default under the License Agreement, they would "immediately make each payment and perform or cause Franchisee to perform each unpaid or unperformed obligation of Franchisee under the Agreement."

16. In connection with entering into the License Agreement and effective as of November 9, 2001, Commack made, and the Guarantors co-made, a Development Incentive Note in the amount of $250,000.00 (the "Note"). A true copy of the Note is attached hereto as Exhibit C. Pursuant to the terms of the Note and the section 18.1 of the License Agreement, WII agreed to advance to Commack $250,000.00 if Commack met its opening deadline.

17. On August 29, 2003, WII advanced Commack $250,000.00 pursuant to the terms of the License Agreement and the Note.

18. On or about December 4, 2004, WII inadvertently advanced an additional $250,000 to Commack by way of check number 882880.

19. Commack and the Guarantors have failed to return the $250,000, which was inadvertently forwarded to Commack's on December 4, 2004; and have failed to timely pay Recurring Fees as required by the License Agreement.

20. By letter dated January 28, 2005, a true copy of which is attached as Exhibit D, WII demanded that Commack and the Guarantors repay the funds that were inadvertently forwarded to Commack on December 4, 2004.

1574719-01

4

21. WII attempted to stop payment on the check, however, on December 6, 2004, Commack negotiated the check.

22. Accordingly, the total amount currently due and owing to WII from Commack and the Guarantors is $267,293.44, plus interest, attorney's fees, and costs.

## FIRST COUNT

23. WII repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 22 of the Complaint.

24. On information and belief, in or about December 2004, Commack and/or the Guarantors converted to its own use $250,000 inadvertently forwarded to Commack by WII.

**WHEREFORE**, WII demands judgment against Commack for the sum of $250,000 inadvertently forwarded to Commack on or about December 4, 2004, together with interest, attorneys' fees, and costs of suit.

## SECOND COUNT

25. WII repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 24 of the Complaint.

26. The conversion of the $250,000 inadvertently forwarded to Commack was done with the wilful and malicious intent of injuring WII and with a wanton disregard of WII's rights.

27. WII has demanded from the defendant the return of said $250,000 but Commack and the Guarantors have wilfully and maliciously refused to return the same.

**WHEREFORE**, WII demands judgment against Commack for the sum of $250,000 inadvertently forwarded to Commack on or about December 4, 2004, and punitive damages, together with interest, attorneys' fees, and costs of suit.

## THIRD COUNT

28. WII repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 27 of the Complaint.

29. Pursuant to section 7 and Schedule C of the License Agreement, Commack was obligated to remit Recurring Fees to WII.

30. Despite its obligation to do so, Commack has failed to remit certain of the Recurring Fees due and owing under the License Agreement in the current amount of $17,293.44.

31. Commack's failure to remit the agreed Recurring Fees constitutes a breach of the License Agreement and has damaged WII.

**WHEREFORE**, WII demands judgment against Commack for the Recurring Fees due and owing under the License Agreement, together with interest, attorneys' fees, and costs of suit.

## FOURTH COUNT

32. WII repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 31 of the Complaint.

33. Despite its obligation to do so, Commack failed to pay certain of the Recurring Fees due and owing under the License Agreement in the amount of $17,293.44.

34. Despite its obligation to do so, Commack has failed to repay the funds inadvertently forwarded to it on December 4, 2004 in the amount of $250,000.

35. Commack's failure to compensate WII constitutes unjust enrichment and has damaged WII.

**WHEREFORE**, WII demands judgment against Commack for the Recurring Fees due and owing under the License Agreement, together with interest, attorneys' fees, and costs of suit; and, for the sum of $250,000 inadvertently forwarded to Commack on December 4, 2004, together with interest, attorneys' fees, and costs of suit.

## FIFTH COUNT

36. WII repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 35 of the Complaint.

37. There is due from Commack to WII the sum of $267,293.44 on a certain book account.

38. Payment has been demanded and has not been made.

**WHEREFORE**, WII demands judgment against Commack for the Recurring Fees due and owing under the License Agreement, together with interest, attorneys' fees, and costs of suit; and, the sum of $250,000 inadvertently forwarded to Commack on December 4, 2004, together with interest, attorneys' fees, and costs of suit.

## SIXTH COUNT

39. WII repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 38 of the Complaint.

40. Commack, being indebted to WII in the sum of $267,293.44, plus interest, attorneys' fees, and costs upon an account stated between them, did promise to pay WII said sum upon demand.

41. Payment has been demanded and has not been made.

**WHEREFORE**, WII demands judgment against Commack for the Recurring Fees due and owing under the License Agreement, together with interest, attorneys' fees, and costs of suit; and, the sum of $250,000 inadvertently forwarded to Commack on December 4, 2004, together with interest, attorneys' fees, and costs of suit.

## SEVENTH COUNT

42. WII repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 41 of the Complaint.

43. Pursuant to the terms of the Guaranty, the Guarantors agreed, among other things, that upon a default under the License Agreement, they would immediately make each payment and perform each obligation required of Commack under the License Agreement.

44. Despite their obligation to do so, the Guarantors have failed to make any payments or perform or cause Commack to perform each obligation required under the License Agreement.

45. Pursuant to the Guaranty, the Guarantors are liable to WII for Commack's Recurring Fees due and owing under the License Agreement, and for the funds inadvertently forwarded to Commack on December 4, 2004.

**WHEREFORE**, WII demands judgment against the Guarantors for the Recurring Fees due and owing under the License Agreement, together with interest, attorneys' fees, and costs of suit; and, the sum of $250,000 inadvertently forwarded to Commack on December 4, 2004, together with interest, attorneys' fees, and costs of suit.

CONNELL FOLEY LLP
Attorneys for Plaintiff
Wingate Inns International, Inc.

By: *Jeffrey L O'Hara*
JEFFREY L. O'HARA (JO6862)

Dated: 3/9/05

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

CONNELL FOLEY LLP
Attorneys for Plaintiff
Wingate Inns International, Inc.

By: _Jeffrey L. O'Hara_
JEFFREY L. O'HARA (JO6862)

Dated: 3/9/05

1574719-01